UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGICEASE SOLUTIONS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOFTWORKS AI, LLC,<br><br>Defendant. | Case No. 3:21-cv-00830-JD<br><br>**ORDER RE MOTION TO SEAL**<br>Re: Dkt. No. 7 |

Plaintiff LogicEase Solutions asks to file a redacted version of its complaint and to seal entirely a contract and its amendments attached as exhibits. Dkt. No. 7. The only reason given for the requests is that the contracts have a confidentiality provision, and defendant Softworks AI asked LogicEase to file the complaint and exhibits under seal. *Id*. at 2. The proposed redactions and sealings are denied.

"A hallmark of our federal judiciary is the 'strong presumption in favor of access to court records.'" *DZ Reserve, et al. v. Facebook, Inc.*, No. 3:18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and a party that asks to redact or seal a filed document must present a good reason for restricting the public's right to transparency in judicial proceedings. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing

1  records involving dispositive motions and the merits of a case.  *See Ctr. for Auto Safety v.*
2  *Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016); *Kamakana v. City & Cty. of*
3  *Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).
4        A good argument can be made that the compelling reason standard applies -- few
5  documents are more directly related to the merits than the plaintiff's complaint -- but the Court
6  need not reach a final conclusion about that because the sealing requests do not pass either test.
7  The proposed redactions to the complaint involve purely generic information, down to the
8  frivolous level of the date of a contract between the parties and a one-sentence request for
9  attorney's fees.  *See* Dkt. No. 7-3 ¶¶ 1, 52.  So too for the exhibits to the complaint, which the
10  parties ask to seal in their entirety even though they look to be nothing more than a standard
11  software license agreement and amendments.  Dkt. Nos. 7-5, 7-6.
12        If there is sensitive commercial or proprietary information in any of this, the parties
13  certainly have not identified it.  The sole basis for the requests is that the contracts have a
14  confidentiality clause.  That is far from enough to close the door to the public's right of access.
15  *See Ochoa v. McDonald's Corp.*, Case No. 14-cv-02098-JD, 2015 WL 13064913, at *1 (N.D. Cal.
16  Apr. 13, 2015).  The sealing requests also violate our District's local rules.  "A sealing order may
17  issue only upon a request that establishes that the document, or portions thereof, are privileged,
18  protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(b).
19  "The request must be narrowly tailored to seek sealing only of sealable material."  *Id.*  The parties
20  did nothing to comply with these standards.
21        Consequently, the redaction and sealing requests are denied *in toto*.  Plaintiff will re-file
22  the complaint and exhibits without redactions by June 22, 2021.
23        **IT IS SO ORDERED.**
24  Dated: June 15, 2021

JAMES DONATO
United States District Judge