UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGICEASE SOLUTIONS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOFTWORKS AI, LLC,<br><br>Defendant. | Case No. 3:21-cv-00830-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

Declaratory judgment plaintiffs Logicease Solutions Inc. (LSI) and SitusAMC Holdings Corp. (Situs) move to dismiss defendant Softworks AI, LLC's (SWAI) counterclaims. Dkt. No. 23. The parties' familiarity with the record is assumed. The motion is denied.

  1. <u>Interference with Contract</u>. Situs says that it was not a "stranger to the agreement" when it acquired LSI because LSI could transfer its rights and obligations under the contract to Situs. Dkt. No. 23 at 7. Not so. Although LSI could assign its rights and obligations, Situs points to no allegations that LSI actually did so. *See Asahi Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 961 (Cal. App. Ct. 2013). In addition, an economic interest in the contract does not necessarily defeat a claim of tortious interference. *See Caliber Paving Co., Inc. v. Rexford Indus. Realty & Mgmt., Inc.*, 54 Cal. App. 5th 175, 181-83 (Cal. App. Ct. 2020); *see also United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002 (9th Cir. 2014). The tortious interference claim against Situs will go forward.

  2. <u>Misappropriation of Trade Secrets</u>. Dismissal of the fourth, fifth, sixth, and seventh claims is denied for LSI and Situs. To plead and prove a claim of misappropriation of trade secrets, under both federal and California state law, SWAI must establish that (1) it had a trade secret, (2) LSI and Situs misappropriated the trade secret, and (3) the misappropriation

caused SWAI damage.  *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657-58 (9th Cir. 2020); *Sargent Fletcher, Inc. v. Able Corp.*, 100 Cal. App. 4th 1658, 1667 (Cal. App. Ct. 2003).  For federal and state law purposes, misappropriation means acquisition of a trade secret by a person who knows the trade secret was acquired by improper means, or disclosure or use of a trade secret of another without express or implied consent.  *See* 18 U.S.C. §1839(5); Cal. Civ. Code § 3426.1(b).

SWAI has plausibly alleged that LSI and Situs misappropriated a trade secret.  SWAI's counterclaims indicate that LSI disclosed its trade secrets to Situs.  *See, e.g.,* Dkt. No. 19 at ¶ 12. SWAI has alleged facts showing LSI improperly requested that SWAI provide it with confidential information even after LSI knew that it intended to breach its contract with SWAI.  *Id*. at ¶ 11.  It may be, as LSI suggests, that LSI could safely disclose trade secrets to Situs after Situs acquired it, but SWAI says that LSI continued to request confidential information after LSI was acquired by Situs.  *Id*.  SWAI also alleges that LSI and Situs used the trade secrets to get a competitive advantage over SWAI's product, develop Situs's own product, and replace the custom product SWAI was making for LSI.  *Id*. at ¶¶ 49, 57, 65, 72.  Consequently, SWAI has adequately pleaded its claims for misappropriation of trade secrets against both Situs and LSI.

**IT IS SO ORDERED.**

Dated:  January 7, 2022

_____
JAMES DONATO
United States District Judge

2